UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Quashawn Sheridan,<br><br>　　　　　Petitioner<br><br>v.<br><br>State of Nevada,<br><br>　　　　　Respondent | Case No.: 2:25-cv-00943-CDS-MDC<br><br>**Order Instructing the Petitioner to File an IFP Application or Pay the Filing Fee** |

　　　　Petitioner Quashawn Sheridan, a pro se Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or completing an application for leave to proceed *in forma pauperis* ("IFP").

　　　　Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

　　　　In addition, Sheridan must use the required form to state his claims in order to provide the Court with necessary information to conduct preliminary review of the petition. Accordingly, if Sheridan intends to file a federal habeas case, he must file an amended petition on the Court's form by July 28, 2025. Sheridan must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 2:25-cv-00943-CDS-MDC, in the

designated space. Under Local Rule 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.[1] Sheridan is advised to follow the instructions on the form and to refrain from lengthy legal or factual argument.

Sheridan will have until July 28, 2025, to either pay the $5 filing fee or submit a complete IFP application with all required documentation and file his petition on the approved form.

### Conclusion

I order that the initial screening of the petition for writ of habeas corpus under the Rules Governing Section 2254 Cases **[ECF No. 1-1] is deferred** to until such time as he has fully complied with this order.

The Clerk of Court is instructed to send the petitioner (1) a blank form IFP application for incarcerated litigants along with instructions; (2) a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with instructions; and (3) a copy of this order.

I further order that, by July 28, 2025, the petitioner must file an IFP application that includes a: (a) financial certificate signed by the petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by the petitioner, and (c) copy of the petitioner's inmate account statement for the six-month period prior to filing. Alternatively, the petitioner must pay the $5 filing fee within 45 days of the date of this order. If the petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

---

[1] Sheridan at all times remains responsible for calculating the applicable statute of limitations.

I further order that the petitioner's failure to comply with this order by July 28, 2025, will result in the dismissal of this action without prejudice and without further advance notice.

Dated: June 11, 2025

_____
Cristina D. Silva
United States District Judge